## MILLER v. UNITED STATES.
### No. 9728.

Circuit Court of Appeals, Sixth Circuit.

April 18, 1944.

Richard R. Miller, in pro. per.

Harry A. Abrams, of Cincinnati, Ohio (appointed by the court), for appellant.

Calvin Crawford, of Cincinnati, Ohio, for the United States.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

The appellant, Richard Ralph Miller, was convicted on November 13, 1942, by the verdict of a jury for violation of the Mann Act, U.S.C. Title 18, Section 398, 18 U.S.C.A. § 398, and was duly sentenced on November 30, 1942, to serve a term of three years in prison. The certificate of the Clerk of the United States District Court shows that no notice of appeal was filed by appellant within five days after judgment, but that nine months later, on August 30, 1943, the Clerk received from appellant a motion for a new trial, or a re-trial, which was filed.

On October 27, 1943, the United States District Judge filed a memorandum, stating that the court had carefully considered appellant's memorandum in support of the motion and found that the motion should be denied. On December 11, 1943, an order overruling the motion for a new trial was accordingly entered.

There is now before this court an informal appeal from the order of the district court. The appellant has briefed and argued his alleged right to an order setting aside the verdict of the jury and the judgment and sentence thereon. He takes the position that he is entitled to relief from further imprisonment, basing his argument primarily upon the new doctrine of McNabb v. United States, 318 U.S. 332, 63 S. Ct. 608, 87 L.Ed. 819, which was promulgated after he had entered upon the service of his sentence in the Federal penitentiary at Lewisburg, Pennsylvania.

Without indicating our opinion upon the merits of appellant's contention, we think that the only appropriate procedure which he can pursue for presentation of the issues raised by him is by petition for a writ of habeas corpus, addressed to a United States Judge or Justice of competent jurisdiction. His appeal from the judgment and sentence in the instant case is clearly not seasonable; and is, accordingly, denied.